J-S31002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN GORDINE | : | |
| | : | |
| Appellant | : | No. 692 EDA 2025 |

Appeal from the PCRA Order Entered February 26, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005860-2007

BEFORE: PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED OCTOBER 15, 2025**

Sean Gordine appeals pro se from the order entered on February 26, 2025, dismissing his petition filed pursuant to the Post-Conviction Relief Act ("PCRA")[1] as untimely. After careful review, we affirm.

We obtained the following factual history from the Commonwealth's brief.[2]

> On October 3, 2006, shortly after 9:00 P.M. on the 1500 block of Rosalie Street in Philadelphia, the victims[] (Michael Thierry, Gary Roemhild, Kevin Roemhild, and Keith Pena) were sitting on the steps in front of Gary Roemhild's home when the four codefendants[] ([Gordine], Isaiah Ransome, Jerry Ransome, and Eric Gales), all of whom were carrying guns, approached the victims on foot and announced a robbery. Gary Roemhild turned to

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The trial transcripts were not included in the certified record. Based upon Gordine's admission to certain facts, as described in more detail below, the lack of transcripts does not hinder our review.

run into his house, but Isaiah Ransome grabbed him by the shoulder, put a .357 caliber pistol to his head, and took $50 from his back pocket. [Gordine], who was armed with a black .25 caliber handgun, then took a wallet and $20 from Pena while Gales, who was armed with a .22 caliber rifle, took a wallet from Kevin Roemhild.

Jerry Ransome, who was armed with a chrome revolver, approached Michael Theirry to take his money as well. Thierry, however, dropped his keys and cell phone on the ground and ran away. When Isaiah Ransome saw that Theirry was trying to escape, he jumped down from the steps, chased while aiming his gun in Thierry's direction, and began shooting. [Gordine] and the other two co-defendants then joined him in chasing and shooting at Thierry.

Thierry was hit with two shots: one to the back of the head, and another to the penis. Once he fell, the robbers returned their attention to the three remaining robbery victims, who were running in the opposite direction of Thierry, and began shooting at them while Jerry Ransome rifled through the pockets of the fallen Thierry.

Police and rescue workers arrived within minutes. They found Thierry lying in the street and transported him to Frankford-Torresdale Hospital, where he died two days later as a result of the gunshot wound to his head. Five weeks after the murder, during the early morning hours of November 12, 2006, Philadelphia police responded to another shooting in the same neighborhood. One of the responding officers stopped [Gordine] for investigation. No weapon was found on his person, but the black .25 caliber handgun that he used in the robbery and murder [of Thierry] was found beneath a nearby car.

[Gordine] also made three separate admissions of guilt during the weeks following the murder: He called his mother and admitted guilt in the presence of police, admitted guilt to his friend Darryl Williams, and admitted guilt to the codefendant Ransome's brother, Jamil Ransome, about his role in the crime.

Appellee's Brief, at 2-4 (record citations omitted).

Gordine proceeded to trial. In June of 2008, the jury deadlocked on all charges except first-degree murder. The jury found Gordine not guilty of first-degree murder. A second jury trial was scheduled for the remaining charges. Ultimately, the second trial was held in December of 2012 and the jury found Gordine guilty of second-degree murder, three counts of robbery, three counts of aggravated assault, criminal conspiracy, possessing instruments of crime, firearms not to be carried without a license, and carrying firearms on public streets or public property in Philadelphia.[3]

The court sentenced Gordine to an aggregate 40 years to life imprisonment, as he was 15 years old at the time he committed the crimes. Gordine appealed and this Court affirmed on December 17, 2014. Our Supreme Court denied allowance of appeal on July 8, 2015. Gordine filed his first, timely PCRA on April 7, 2016. After it was dismissed, this Court affirmed on January 29, 2019.

Gordine filed the instant, untimely, PCRA petition on July 19, 2022.[4] Gordine, without court permission, filed several supplemental and amended

_____

[3] 18 Pa.C.S.A. §§ 2502(b), 3701(a), 2702(a), 903(a), 907(a), 6106(a), and 6108, respectively.

[4] A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S.A. § 9545. Gordine's judgment of sentence became final on March 17, 2015, 90 days after our Supreme Court denied his petition for allowance of appeal. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence "becomes final at the conclusion of direct review … or at the expiration of time for seeking the review."); Sup. Ct. R. 13
*(Footnote Continued Next Page)*

- 3 -

petitions. The court issued a Rule 907 notice of intent to dismiss on January 23, 2025. Gordine responded, and the PCRA court dismissed his PCRA petition on February 26, 2025. Gordine timely appealed. The PCRA court did not order Gordine to file a Rule 1925(b) statement. *See* Pa.R.A.P. 1925(b). The PCRA court filed a Rule 1925(a) opinion addressing the timeliness of the petition. *See* Pa.R.A.P. 1925(a).

> Gordine raises four questions for our review:
>
> 1. Whether the PCRA [c]ourt committed an error of law and abused its discretion in dismissing [Gordine's] PCRA petition as untimely where [the] newly discovered evidence claim was brought within one year of the date the claim could have been presented[?]
>
> 2. Whether the PCRA [c]ourt committed an error of law and abused its discretion in dismissing [the] petition based upon claims and[/]or facts not asserted in the petition where [Gordine] did not advance as a claim, or newly discovered facts, that he (1) fired a gun in self-defense, or that (2) [Gordine] believed he was in imminent threat which required him to fire a gun in self-defense[?]
>
> 3. Whether the PCRA [c]ourt committed an error of law and abused its discretion in dismissing [the] petition without appointing counsel and conducting an evidentiary hearing where [the] witness' unsworn declaration raises issues of material fact[?]
>
> 4. Whether the PCRA [c]ourt committed an error of law and abused its discretion in dismissing [the] petition where [the] witness' testimony was (1) unavailable at the time of trial[,] (2) exculpatory[,] and (3) would have affected the outcome of trial[?]

Appellant's Brief, at 9 (suggested answers omitted).

_____

(stating that a petition for writ of certiorari is to be filed within 90 days after the entry of the order denying discretionary review).

- 4 -

Our scope and standard of review are well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. Our scope of review is limited to the PCRA court's findings and evidence of record, viewed in the light most favorable to the Commonwealth as the prevailing party.

**Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citations omitted).

We cannot consider the merits of Gordine's PCRA petition if the petition was not timely filed, as the timeliness of a PCRA petition is a jurisdictional matter. **See id.** A PCRA petition must be filed within one year of the judgment of sentence becoming final, unless the petitioner alleges and proves a timeliness exception. **See** 42 Pa.C.S.A. § 9545(b)(1). "If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **See Commonwealth v. Johnston**, 42 A.3d 1120, 1126 (Pa. Super. 2012) (citation omitted).

Gordine concedes the instant PCRA petition is untimely, but alleges he met the newly discovered fact exception. **See** Appellant's Brief, at 17. We therefore begin by discussing the newly discovered fact timeliness exception found at 42 Pa.C.S.A. § 9545(b)(1)(ii).

Exception (b)(1)(ii) requires petitioner to allege and prove that there were facts unknown to him and that he could not have ascertained those facts by the exercise of due diligence. The focus

- 5 -

of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (internal quotation marks, emphases, and citations omitted).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Id.*** at 719 (citation omitted). "A petitioner fails to satisfy the [timeliness exception] of Section 9545(b) if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier." ***Id.*** at 720 (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (en banc) (citation omitted).

Gordine claims the new fact is the statement of an alleged eyewitness, Ra'Sheen Brown, who claims to have seen one of the other victims shoot Thierry in the groin. ***See*** Appellant's Brief, at 14; PCRA Petition, 7/19/22, at Attachment A. Gordine admits that he "always knew" that neither he nor his co-defendants robbed the victims but claims he did not know that Thierry was shot by another victim versus one of his co-defendants. Appellant's Brief, at 14. We fail to see how this is a new fact and not an alleged new source for a previously known fact.

- 6 -

Notably, the affidavit attached to Gordine's PCRA petition states that victim Thierry was sitting next to Gordine when the victim jumped up to run away and another victim shot him in the groin. ***See*** PCRA Petition, 7/19/22, at Attachment A (stating "Mike [Theirry] was sitting between Shizz [AKA Gordine] and E [AKA codefendant Gales]. … When Mike jumped up and ran you could tell it startled Gary [Roemhild] because he flinched and turned and shot Mike in his [groin] area."). As the Commonwealth cogently asserts:

> Despite merely claiming he did not know, [Gordine] does not explain why—if Brown's statement is true—[Gordine] himself could not see that Gary Roemhild shot Thierry, especially considering he was standing closer to the victims than Brown allegedly was. Presumably, [Gordine], or at least one of his three codefendants, would have seen or heard Thierry jumping up and dropping what he had in his hands, Gary Roemhild's gun firing, and Thierry crying out in pain before codefendant Eric Gales started shooting.

Appellee's Brief, at 11.

We agree with the Commonwealth. Gordine failed to explain why he did not see the person sitting next to him jump up and get shot. Furthermore, as Gordine readily admits, he knew at the time of the incident who was robbing whom but did not raise this defense at trial. ***See*** Appellant's Brief, at 14. As Gordine admits he was present at the scene, even assuming Brown's statement were true, this is a new source for previously known facts. Finally, we note Gordine raised a similar claim in his first, timely, pro se PCRA petition, thereby confirming this is not a new fact but merely a new conduit for previously known facts. ***See*** PCRA Petition, 4/7/16, at 5-6 (addressing

Gordine's claim that trial counsel was ineffective for failing to call an eyewitness who allegedly saw a white male putting a gun in his waist band after the victim was shot).

We therefore affirm the order of the PCRA court that found Gordine did not meet the timeliness exception.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025